Not For Publication

UNITED STATES BANKRUPTCY COURT
DISTRICT OF CONNECTICUT

```
- - - - - - - - - - - - - - - - - - - - - - - - - - - - -
                                    )
IN RE:                              )    CASE NO.        06-31447 (LMW)
                                    )
   ROGER JOHN TRAVERSA,             )    CHAPTER         7
                                    )
         DEBTOR.                    )
- - - - - - - - - - - - - - - - - - - - - - - - - - - - -
                                    )
   ROGER JOHN TRAVERSA,             )    ADV. PRO. NO.   06-3109
                                    )
         PLAINTIFF                  )    DOC. I.D. NOS.  144, 148
                                    )
   vs.                              )
                                    )
   EDUCATION CREDIT                 )
   MANAGEMENT CORPORATION,          )    STATUS CONFERENCE:
   ET AL.,                          )    JUNE 20, 2007 AT 2:00 P.M.
                                    )
         DEFENDANTS.                )
- - - - - - - - - - - - - - - - - - - - - - - - - - - - -
```

**APPEARANCES**

| | |
|---|---|
| Roger John Traversa<br>114 Harmony Hill Road<br>Harwinton, CT 06791 | *Pro Se* Plaintiff Movant[1] |
| Irve J. Goldman, Esq.<br>Pullman & Comley, LLC<br>850 Main Street<br>Bridgeport, CT 06604 | Attorney for Educational Credit Management<br>Corporation, Defendant Respondent |

---

[1] The above-referenced plaintiff (the "Plaintiff") is a licensed attorney who is not admitted to practice in Connecticut.

| | |
|---|---|
| Student Loan Corporation<br>c/o CT Corporation<br>One Commercial Plaza<br>Hartford, CT 06103 | Non-Appearing Defendant Respondent |

## MEMORANDUM AND ORDER RE: AMENDED MOTION FOR STAY PENDING APPEAL AND STATUS CONFERENCE

Lorraine Murphy Weil, United States Bankruptcy Judge

On May 9, 2007, the court entered the following orders (collectively, the "May 9 Orders"):

• Order Re: Motion To Strike and for Other Relief (Doc. I.D. No. 59) - Doc. I.D. No. 123 (the "Discovery Order")

• Confidentiality Order - Doc. I.D. No. 124 (the "Confidentiality Order")

• First Amended Pretrial Order - Doc. I.D. No. 125 (the "Amended PTO")

• Order Re: Motion To Amend PTO - Doc. I.D. No. 126

• Order Overruling Objection - Doc. I.D. No. 127.

The above-referenced plaintiff (the "Plaintiff") has filed an Amended Motion for Stay Pending Appeal (Doc. I.D. No. 144, the "Motion") with respect to the May 9 Orders.[2] The appearing defendant (the "Defendant") has filed an objection (Doc. I.D. No. 148, the "Objection") to the Motion. For the reasons discussed below, the Motion is denied (and the Objection is sustained) except to the extent of a brief stay to allow the Plaintiff (if he so elects) to seek a stay of the May 9 Orders from the District Court (by appellate procedures or otherwise).

---

[2] The Plaintiff has not appealed entry of the May 9 Orders. However, as discussed below, the Plaintiff does have appeals pending with respect to orders entered on April 25, 2007.

I.      **BACKGROUND**

    A.      **Generally**

This adversary proceeding was commenced by the Plaintiff's filing of a complaint (Doc. I.D. No. 16, the "Complaint") seeking a determination that his student loan debt owed to the above-referenced defendants is discharged in this chapter 7 case pursuant to 11 U.S.C. § 523(a)(8). Among other things, the Complaint alleges that the Plaintiff has "disabilities" (Complaint ¶ 15) (collectively, the "Alleged Conditions")[3] which render it "unduly burdensome" (within the purview of Section 523(a)(8)) for the Plaintiff to repay the subject student loans. On January 12, 2007, the Plaintiff filed a motion for summary judgment (Doc. I.D. No. 47, as amended by Doc. I.D. No. 70, the "S/J Motion"). On January 24, 2007, this court issued an order staying the Defendant's response and further proceedings with respect to the S/J Motion. (*See* Doc. I.D. No. 62, as amended by Doc. I.D. No. 74, the "S/J Stay Order.") On February 20, 2007, this court issued an order denying the S/J Motion. (*See* Doc. I.D. No. 81, the "S/J Order"). During the course of these proceedings, the Plaintiff has filed certain motions to seal the record (*see, e.g.,* Doc. I.D. Nos. 2, 46, the "Seal Motions") and the Defendant filed an objection (or objections) thereto. After an evidentiary hearing on February 20, 2007, the court issued on the same day an order (Doc. I.D. No. 80, the "Seal Order") denying the Seal Motions. On March 5, 2007, the Plaintiff filed (among other things) (1) a motion

---

[3] All the sealing motions and orders described below relate (in one way or another) to the Plaintiff's desire that the Alleged Conditions not become information available to the public. Some of the Alleged Conditions may be disabilities protected by the Americans with Disabilities Act. The court notes that, at the hearing on the Motion, the Plaintiff expressed the desire that the entire record of this Section 523(a)(8) proceeding be sealed. That is a change of position. Previously, the Plaintiff had conceded that it was not necessary to seal the Complaint and stated that he was concerned with information with respect to the Alleged Conditions that would become part of the record when he tried to prove his case. (*See* oral record of 10/25/06 hearing on Seal Motions (as defined below) at 1:38:12 – 1:38:30.)

to reconsider the Seal Order (*see* Doc. I.D. No. 86, the "Seal Reconsideration Motion") and (2) a motion to reconsider the S/J Order (*see* Doc. I.D. No. 88, the "S/J Reconsideration Motion"). On March 15, 2007, the Defendant filed a unified objection to the Plaintiff's two reconsideration motions. (*See* Doc. I.D. No. 92, the "Reconsideration Objection.") After an evidentiary hearing (the "4/24/07 Hearing") on April 24, 2007, on April 25, 2007 the court issued (among other orders) (1) an order denying the Seal Reconsideration Motion (*see* Doc. I.D. No. 107, the "Seal Reconsideration Order"), (2) an order denying the S/J Reconsideration Motion (*see* Doc. I.D. No. 108, the "S/J Reconsideration Order") and (3) an order sustaining the Reconsideration Objection (*see* Doc. I.D. No. 106, the "Order Sustaining"). On May 7, 2007, the Plaintiff filed various appellate papers (since transmitted to the District Court), with respect to the Seal Reconsideration Order, the S/J Reconsideration Order, the Order Sustaining, the S/J Order and the S/J Stay Order. (*See, e.g.,* Doc. I.D. Nos. 118, 119, all such papers collectively, the "Appeal.")

Relevant background more specific to the May 9 Orders is as follows. On December 27, 2006, the Plaintiff filed a Motion Requesting an Order of Confidentiality. (*See* Doc. I.D. No. 36, the "Confidentiality Motion.") On January 4, 2007, the Defendant filed a Motion To Amend Pretrial Order. (*See* Doc. I.D. No. 40, the "Motion To Amend.") On January 12, 2007, the Plaintiff filed Plaintiff's Objection to ECMC's Motion To Amend Pretrial Order. (*See* Doc. I.D. No. 50, the "Amendment Objection.") On January 19, 2007, the Defendant filed Educational Credit Management Corporation's Motion To Strike and for Other Relief. (*See* Doc. I.D. No. 59, the "Discovery Motion.")[4] Hearings on the above-referenced matters were continued from time to time

---

[4] The discovery aspect of the Discovery Motion is the only aspect relevant here. On February 20, 2007, the court granted some of the other relief requested in the Discovery Motion. (*See* Doc. I.D. No. 82.)

as the above-described sealing and summary judgment proceedings worked their way to adjudication. As discussed above, that process was completed (in this court) on April 25, 2007 when the Seal Reconsideration Order, the S/J Reconsideration Order and the Order Sustaining were entered. As noted above, the May 9 Orders ultimately were entered with respect to the Confidentiality Motion, the Motion To Amend, the Amendment Objection, and the Discovery Motion.[5] Pursuant to the Discovery Order:

> [A]ll answers to interrogatories and documents responsive to . . . [the Defendant's] document requests which have been withheld by the . . . [Plaintiff] on the grounds of privilege or that the answering discovery should be sealed shall be provided by the . . . [Plaintiff] to . . . [the Defendant on or before May 21, 2007] . . . .
>
> [W]ith respect to the . . . [Plaintiff's] discovery requests served upon . . . [the Defendant, the Defendant] shall provide the . . . [Plaintiff] with answers to interrogatories, responsive documents or written objections [on or before May 21, 2007] . . . .

(Doc. I.D. No. 123 at 2.) The Amended PTO requires that discovery be completed in this proceeding by July 23, 2007. (*See* Doc. I.D. No. 125 at 2.)[6]

### B. The S/J Stay Order, the S/J Order and the S/J Reconsideration Order

The burden of proof in a § 523(a)(8) proceeding on the issue of undue hardship rests on the debtor, *Borrero v. Connecticut Student Loan Foundation (In re Borrero),* 208 B.R. 792, 795 (Bankr. D. Conn. 1997). In the Second Circuit, existence of undue hardship is determined according to a three-part test announced in *Brunner v. New York State Higher Education Services Corp.,* 831 F.2d 395, 396 (1987) ((1) debtor cannot maintain, based on current income and expenses, a minimal standard of living for herself and her dependents if forced to repay the loan; (2) additional circumstances exist indicating that this state of affairs is likely to persist for a

---

[5] The court continued without date the sanction aspects of the Discovery Motion.

[6] A copy of the Confidentiality Order is annexed hereto as Schedule A. The Confidentiality Order was predicated on the determination that this proceeding would go to trial and that the record would not be sealed. *Cf. Rubin v. Hirschfeld,* No. 3:00CV1657 (PCD), 2001 WL 34549222, at *2 (D. Conn. Dec. 10, 2001) (Dorsey, J.) (similar confidentiality order). Accordingly, the Confidentiality Order was not as sweeping as the Plaintiff would have liked.

significant portion of the repayment period; and (3) the debtor has made good faith efforts to repay the loan).

*Fowler v. Connecticut Student Loan Foundation (In re Fowler),* 250 B.R. 828, 830 (Bankr. D. Conn. 2000) (Krechevsky, J.).

Shortly after reviewing the S/J Motion, the court began to have doubts about the propriety of disposing of these proceedings on a plaintiff's motion for summary judgment. Accordingly, in order to avoid a potential waste of time and effort by the Defendant and this court, the court issued the S/J Stay Order which stayed the summary judgment proceedings until those doubts could be resolved one way or the other. Thereafter, the court issued the S/J Order which denied the S/J Motion with the following explanation:

> [T]he court has grave doubts as to whether this adversary proceeding should be disposed of pursuant to the [S/J] Motion. The [S/J] Motion was filed by the . . . [Plaintiff]. The . . . [Plaintiff] bears the burden of proof under 11 U.S.C. § 523(a)(8) and such proceedings are highly fact sensitive[.]
>
> '[T]he court should have the freedom to allow the case to continue when it has any doubt as to the wisdom of terminating the action prior to a full trial.' 10A. Charles Alan Wright, Arthur R. Miller & Mary Kay Kane, *Federal Practice and Procedure* § 2728 at 526 (3d ed. 1998) (footnotes omitted). *Accord Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 255 (1986); *Lind v. United Parcel Service, Inc.,* 254 F.3d 1281, 1285 (11th Cir. 2001).

(Doc. I.D. No. 81 at 1-2). At the hearing on the S/J Reconsideration Motion, the court reconfirmed that rationale. (*See* Oral Record (the "Oral Record") of 4/24/07 Hearing at 12:21:37 *et. seq. See also* Doc. I.D. No. 108 (S/J Reconsideration Order).)

C.  **The Seal Reconsideration Order**

Bankruptcy Code § 107 ("Public access to papers") provides in relevant part as follows:

> . . .
> (b)  On request of a party in interest, the bankruptcy court shall, and on the bankruptcy court's own motion, the bankruptcy court may –
> . . .
> (2) protect a person with respect to scandalous or defamatory matter contained in a paper filed in a case under this title.
>
> (c)(1)  The bankruptcy court, for cause, may protect an individual, with respect to the following types of information to the extent the court finds that disclosure of such information would create undue risk of identity theft or other unlawful injury to the individual or the individual's property:
>
> (A)  Any means of identification (as defined in section 1028(d) of title 18) contained in a paper filed, or to be filed, in a case under this title.
> (B)  Other information contained in a paper described in subparagraph (A).
> . . .

11 U.S.C.A. § 107 (West 2007).

The Seal Motions and the Seal Reconsideration Motion sought to have the record in this proceeding sealed with respect to the Alleged Conditions on the ground that disclosure in respect of them would be "scandalous or defamatory" within the purview of Section 107(b)(2) and/or "would create undue risk of . . . unlawful injury to [the Plaintiff]" within the purview of Section 107(c)(1).[7]

The Plaintiff has argued that matters in respect of the Alleged Conditions are defamatory within the purview of Section 107(b)(2) even though they are (he alleges) true. A statement is "defamatory if it tends so to harm the reputation of another as to lower him in the estimation of the community or to deter third persons from associating or dealing with him." Restatement (Second) of Torts § 559 (2007). On the other hand, a person will be liable for the defamation only if the statement is untrue. *See* Restatement (Second) of Torts § 558 (2007). Possibly Section 107(b)(2)

---

[7]  The court previously took steps to reduce the risk of identity theft.

is ambiguous as to whether the relevant matters must simply be defamatory or whether they must constitute an actionable defamation. However, given the strong public policy in favor of open court records, this court has adopted the narrower construction (*i.e.,* an actionable (false) defamation). That approach has been adopted by other courts. *See, e.g., Gitto v. Worcester Telegram & Gazette Corp. (In re Gitto Global Corp.),* 422 F.3d 1 (1st Cir. 2005); *In re Food Management Group, LLC,* 359 B.R. 543 (Bankr. S.D.N.Y. 2007). This court reaffirmed the foregoing rationale in concluding at the 4/24/07 Hearing that the subject matters are not "defamatory" within the purview of Section 107(b). (*See* Oral Record at 12:23:04 *et seq.*)[8]

The Plaintiff also argued that the subject matters are "scandalous" within the purview of Section 107(b). With certain rare exceptions not relevant here,[9] matters respecting physical, mental and/or emotional conditions are not deemed to be scandalous (at least when they are relevant to the underlying action which the Alleged Conditions clearly are). *Cf. Neal v. The Kansas City Star (In re Neal),* 461 F.3d 1048, 1054 (8th Cir. 2006) ("[T]he purpose of including material in a paper filed with the court should inform the inquiry into whether [the material is scandalous] . . . . " (citation and internal quotation marks omitted)). This court substantially reaffirmed the foregoing rationale in concluding at the 4/24/07 Hearing that the subject matters are not "scandalous" within the purview of Section 107(b). (*See* Oral Record at 12:26:10 *et seq.*)

Finally, the Plaintiff argued that disclosure of the Alleged Conditions would create "undue risk of . . . unlawful injury" to him within the purview of Section 107(c). This matter is not going

---

[8] The court also seriously doubts whether matters raised by a plaintiff as an integral part of his own case can be "defamatory" as to him within the purview of Section 107.

[9] *Cf. Roe v. City of Milwaukee,* 37 F. Supp. 2d 1127 (E.D. Wis. 1999); *Doe v. William Shapiro, Esquire, P.C.,* 852 F. Supp. 1256 (E.D. Pa. 1994).

to proceed by summary judgment proceedings. Accordingly, any evidence of the Alleged Conditions will not appear in this court's CM/ECF system which is broadly available.[10] Trial evidence is much less available to the public. Given the foregoing, the court believed that an appropriate "confidentiality . . . [order] would give sufficient protection to the Plaintiff . . . ." (Oral Record at 12:28:00 – 12:28:09.)[11] Given all of the foregoing, this court believes that there is not an "undue risk" within the purview of Section 107(c). This court reaffirmed the foregoing rationale in concluding at the 4/24/07 Hearing that there was no "undue risk" to the Plaintiff within the purview of Section 107(c). (*See* Oral Record at 12:26:46 *et seq.*)

## II.    ANALYSIS

### A.    Standard For Stay Pending Appeal

> Four criteria are relevant in considering whether to issue a stay . . . pending appeal: the likelihood of success on the merits, irreparable injury if a stay is denied, substantial injury to the party opposing a stay if one is issued, and the public interest.

*Mohammed v. Reno,* 309 F.3d 95, 100 (2d Cir. 2002). "[L]ikelihood of success on the merits" is a flexible factor: "The probability of success that must be demonstrated is inversely proportional to the amount of irreparable injury plaintiff[] will suffer absent the stay. Simply stated, more of one excuses less of the other." *Id.* at 101 (citation and internal quotation marks omitted) (alteration in original). It has been held that all four factors must be satisfied for a stay pending appeal. *See Daly v. Germain (In re Norwich Historic Preservation Trust, LLC)*, No. 3:05cv12 (MRK), 2005 WL 977067, at *3 (D. Conn. Apr. 21, 2005). It also has been held that the most "salient" factor, which

---

[10]    Only redacted versions of the S/J Motion and supporting materials have been imaged in this court's CM/ECF system.

[11]    Moreover, this court plans to announce its decision after full trial by an oral bench ruling.

is a "threshold" one, is "irreparable harm." *See In re Koper*, 286 B.R. 492, 496-97 (Bankr. D. Conn. 2002) (Dabrowski, J.). *See also In re Altman*, 230 B.R. 17, 19 (Bankr. D. Conn. 1999) (Shiff, J.) ("A showing of probable irreparable harm is the principal prerequisite for the issuance of a stay.").

### B.     Application of Factors

#### 1.     Likelihood of Success on Appeal

The court remains confident that it was well within its discretion to deny the S/J Motion (which action may have rendered the S/J Stay Order moot). Moreover, denial of a motion for summary judgment does not result in a final order for appeal purposes. *Betmar Hats, Inc. v. Young America Hats, Inc.,* 116 F.2d 956 (2d Cir. 1941). Furthermore, since this court did not reach the merits, the grounds for a discretionary appeal also appear to be lacking. *See Law Debenture Trust Co. of New York v. Calpine Corp. (In re Calpine Corp.),* 356 B.R. 585, 593 (S.D.N.Y. 2007) (Order appealed from must involve a controlling question of law as to which there is a substantial ground for difference of opinion.). Accordingly, the likelihood of success on appeal is exceedingly small.

The court also remains confident that matters relating to the Alleged Conditions are neither "scandalous" nor "defamatory" within the purview of Section 107(b) and that there is no "*undue risk*" to the Plaintiff within the purview of Section 107(c).

#### 2.     Injury

As discussed above, this court already has taken substantial steps to protect the Plaintiff from public disclosure of information relating to the Alleged Conditions. The other effect of the May 9 Orders is to require the Plaintiff to move forward to trial. For a plaintiff, that is not a substantial injury.[12]

---

[12]     Injury to the Defendant is a factor favoring the Plaintiff here.

### 3. **Public Interest**

When the court entered the May 9 Orders, the court believed (or at least hoped) that it had put this proceeding back on the road to final adjudication. The effect of the stay which the Plaintiff seeks is to stay this adversary proceeding pending adjudication of the Appeal. This proceeding has been pending since October 4, 2006. There now are more than 140 items on the docket, discovery is not closed and has made very little progress. Stalling a proceeding in that matter is not in the public interest.

### 4. **Weighing the Factors**

The level of injury to the Plaintiff does not outweigh the small likelihood of success on appeal or the public interest in prompt adjudication.

### III. **CONCLUSION**

For the reasons discussed above, the Motion is denied and the Objection is sustained. However, the May 9 Orders will be stayed through June 10, 2007 to permit the Plaintiff (if he so elects) to seek a stay of the May 9 Orders from the District Court (by appellate procedures or otherwise). Further, an on-the-record status conference in this proceeding is scheduled for June 20, 2007 at 2:00 p.m. for reporting purposes and to (among other things) consider the advisability of an adjustment of dates in the Discovery Order and the Amended PTO. It is **SO ORDERED.**

Dated: June 1, 2007                        BY THE COURT

Lorraine Murphy Weil
United States Bankruptcy Judge

**SCHEDULE A**

UNITED STATES BANKRUPTCY COURT
DISTRICT OF CONNECTICUT

```
- - - - - - - - - - - - - - - - - - - - - - - - - - - - -
IN RE:                              )    CASE NO.         06-31447 (LMW)
                                    )
  ROGER JOHN TRAVERSA,              )    CHAPTER          7
                                    )
        DEBTOR.                     )
- - - - - - - - - - - - - - - - - - - - - - - - - - - - -
                                    )
  ROGER JOHN TRAVERSA,              )    ADV. PRO. NO.    06-3109
                                    )
        PLAINTIFF                   )    DOC. I.D. NO.    36
                                    )
  vs.                               )
                                    )
  EDUCATION CREDIT                  )
  MANAGEMENT CORPORATION,           )
  ET AL.,                           )
                                    )
        DEFENDANTS.                 )
- - - - - - - - - - - - - - - - - - - - - - - - - - - - -
```

**CONFIDENTIALITY ORDER**

The Debtor and Plaintiff in this adversary proceeding, Roger John Traversa ("Debtor"), having filed a Motion Requesting an Order of Confidentiality (Doc. I.D. No. 36) (the "Motion"), and the Motion having come before the Court for hearing on May 8, 2007 at 2:00 p.m., and the parties, at the direction of the Court at a hearing held on April 24, 2007, having submitted competing proposals for confidentiality at the May 8, 2007 hearing, and the Court having considered the Motion, the competing proposals, the arguments of counsel for ECMC and of the Debtor, and the prior proceedings held in this chapter 7 case and adversary proceeding, and the court having previously denied in substantial part the Debtor's motions to seal in this case and the court discerning no substantial difference between this case and a typical personal injury case, and good cause appearing therefor, it is hereby

**ORDERED,** that the Motion is granted to the extent set forth below and denied with respect to the remainder thereof; and it is further

**ORDERED,** that all discovery material procured by Defendant, Educational Credit Management Corp. ("ECMC"), in this adversary proceeding concerning any mental, psychological or physical condition of the Debtor (the "Protected Discovery"), shall not be disclosed by ECMC, its representatives and/or attorneys to any person or entity that is not a party to this adversary proceeding except as may be necessary or appropriate, in ECMC's reasonable belief, for ECMC to use in preparing and presenting its case to the court and then only to persons who have undertaken in writing not to disclose such Protected Discovery to any other third person.

Dated: May 9, 2007                                                                               BY THE COURT

*Lorraine Murphy Weil*
**Lorraine Murphy Weil**
**United States Bankruptcy Judge**