Not For Publication

UNITED STATES BANKRUPTCY COURT
DISTRICT OF CONNECTICUT

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - -
                                    )
IN RE:                              )    CASE NO.        06-31447 (LMW)
                                    )
ROGER JOHN TRAVERSA,                )    CHAPTER         7
                                    )
        DEBTOR.                     )
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - -
                                    )
ROGER JOHN TRAVERSA,                )    ADV. PRO. NO.   06-3109
                                    )
        PLAINTIFF                   )    DOC. I.D. NOS.  188, 242, 247, 258
                                    )
    vs.                             )
                                    )
EDUCATION CREDIT                    )
MANAGEMENT CORPORATION,             )
ET AL.,                             )
                                    )
        DEFENDANTS.                 )
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

**APPEARANCES**

Roger John Traversa                 *Pro Se* Plaintiff/ Movant[1]
114 Harmony Hill Road
Harwinton, CT 06791

Irve J. Goldman, Esq.               Attorney for Educational Credit Management
Pullman & Comley, LLC               Corporation, Defendant/ Respondent
850 Main Street
Bridgeport, CT 06604

---

[1]   The above-referenced plaintiff is a licensed attorney who is not admitted to practice in Connecticut.

Student Loan Corporation                         Non-Appearing Defendant Respondent
c/o CT Corporation
One Commercial Plaza
Hartford, CT 06103

### MEMORANDUM OF DECISION AND ORDER RE: MOTIONS TO SEAL

Lorraine Murphy Weil, United States Bankruptcy Judge

      Before the court are (a) the above-referenced plaintiff's (the "Plaintiff") motions to seal (Doc. I.D. Nos. 188 and 247, collectively, the "Motions") and (b) Education Credit Management Corporation's ("ECMC") objections thereto (Doc. I.D. Nos. 242 and 258, collectively, the "Objections").

### I.    BACKGROUND

      This adversary proceeding was commenced by the Plaintiff's filing of a complaint (Doc. I.D. No. 16, the "Complaint") seeking a determination that his student loan debt owed to the above-referenced defendants is discharged in this chapter 7 case pursuant to 11 U.S.C. § 523(a)(8). Among other things, the Complaint alleges that the Plaintiff has "disabilities" (Complaint ¶ 15) which render it "unduly burdensome" (within the purview of Section 523(a)(8)) for the Plaintiff to repay the subject student loans.

      The Plaintiff filed the Motions on November 15, 2007 and January 15, 2008 respectively. The Motions do not specify which portions of the record the Plaintiff desires to be sealed. However, the Plaintiff has filed the following documents (collectively, the "Documents") in both redacted and unredacted form:[2]

---

[2]    To date, only images of the redacted forms of the Documents have been placed in the court's CM/ECF system and the Clerk's Office is holding the unredacted forms of the Documents

| | |
|---|---|
| Doc. I.D. No. 185 | Plaintiff's Renewed Motion for Summary Judgment |
| Doc. I.D. No. 186 | Plaintiff's Local Rule 56(a)1 Statement |
| Doc. I.D. No. 187 | Plaintiff's Motion in Limine |
| Doc. I.D. No. 188 | Plaintiff's Motion To Seal |
| Doc. I.D. No. 189 | Plaintiff's Support Brief in respect of Doc. I.D. No. 188 |
| Doc. I.D. No. 190 | Plaintiff's Objection to ECMC's Motion in Limine |
| Doc. I.D. No. 228 | Plaintiff's Objection to Doc. I.D. No. 212 |
| Doc. I.D. No. 246 | Plaintiff's Supplement to Doc. I.D. No. 187 |
| Doc. I.D. No. 247 | Plaintiff's Motion To Seal |
| Doc. I.D. No. 248 | Plaintiff's Support Brief in respect of Doc. I.D. No. 247 |

Accordingly, the court will deem the Motions to relate to the Documents.[3] ECMC filed the Objections on January 11, 2008 and February 4, 2008, respectively. The Objections assert (among other things) that the Motions are barred by the doctrines of collateral estoppel and law of the case.

---

pending this ruling. Doc. I.D. Nos. 231 and 233 also were filed in both redacted and unredacted form. However, the court believes that, because of a relevant appeal, the sealing (or other protection) of such documents is within the particular jurisdiction of the District Court and, accordingly, does not make any such determination here.

[3] In the future, the court may deny without further notice or hearing any motion to seal (or to limit remote access to the electronic file of this proceeding) which does not state with specificity the portions of the record to which it relates. However, unless the Plaintiff wishes to raise new arguments, any requirement for the filing of a supporting memorandum is waived and the Plaintiff will be deemed to have relied upon the arguments raised in prior relevant memoranda. Similarly, ECMC also may rely upon prior memoranda when filing an objection to the Plaintiff's motion to seal.

The court has reviewed the Motions, the Objections, each of the Documents and the supporting memoranda of the parties and, after due consideration, renders this decision.[4]

**II.    DISCUSSION**

    **A.    Relevant Statute and Rules of Procedure**

This court incorporates herein its analysis of 11 U.S.C. § 107 set forth in this court's Memorandum and Order Re: Amended Motion for Stay Pending Appeal and Status Conference (Doc. I.D. No. 151, the "Prior Ruling"). However, since this court's last decision in this proceeding in respect of a motion to seal, Rule 9037 of the Federal Rules of Bankruptcy Procedure and Rule 5.2 of the Federal Rules of Civil Procedure have become effective and require additional discussion.

Rule 9037 provides in relevant part as follows:

**Rule 9037. PRIVACY PROTECTION FOR FILINGS MADE WITH THE COURT**

 *(a) Redacted Filings.*  Unless the court orders otherwise, in an electronic or paper filing made with the court that contains an individual's social-security number, taxpayer-identification number, or birth date, the name of an individual, other than the debtor, known to be and identified as a minor, or a financial-account number, a party or nonparty making the filing may include only:

    (1) the last four digits of the social-security number and taxpayer-identification number;

    (2) the year of the individual's birth;

    (3) the minor's initials; and

    (4) the last four digits of the financial-account number.

 *(b) Exemptions from the Redaction Requirement.*  The redaction requirement does not apply to the following:

---

[4]    The court believes that oral argument would not materially assist the court with its decision here and, accordingly, has waived oral argument.

>    (1)  a financial-account number that identifies the property allegedly subject to forfeiture in a forfeiture proceeding;
>
>    (2)  the record of an administrative or agency proceeding unless filed with a proof of claim;
>
>    (3)  the official record of a state-court proceeding;
>
>    (4)  the record of a court or tribunal, if that record was not subject to the redaction requirement when originally filed;
>
>    (5)  a filing covered by subdivision (c) of this rule; and
>
>    (6)  a filing that is subject to § 110 of the Code.
>
> *(c) Filings Made under Seal.*  The court may order that a filing be made under seal without redaction.  The court may later unseal the filing or order the entity that made the filing to file a redacted version for the public record.
>
> *(d) Protective Orders.*  For cause, the court may by order in a case under the Code:
>
>    (1)  require redaction of additional information; or
>
>    (2)  limit or prohibit a nonparty's remote electronic access to a document filed with the court . . . .

Fed. R. Bankr. P. 9037.  The Advisory Committee Note to Rule 9037 provides in relevant part as follows:

>   The rule is adopted in compliance with section 205(c)(3) of the E-Government Act of 2002, Public Law No. 107-347.  Section 205(c)(3) requires the Supreme Court to prescribe rules "to protect privacy and security concerns relating to electronic filing of documents and the public availability . . . of documents filed electronically."
>
> . . .
>
>   The rule is derived from and implements the policy adopted by the Judicial Conference in September 2001 to address the privacy concerns resulting from public access to electronic case files. *See* http://www.privacy.uscourts.gov/Policy.htm. The Judicial Conference policy [the "Policy"[5]] is that documents in case files generally

---

[5]    The Policy notes a particular concern "'where court files might have become a vehicle for improper purposes.'" Judicial Conference Comm., Report of the Judicial Conference Committee on Court Administration and Case Management on Privacy and Public Access to Electronic Case

> should be made available electronically to the same extent they are available at the courthouse, provided that certain "personal data identifiers" are not included in the public file.
>
> . . .
>
> Subdivision (d) recognizes the court's inherent authority to issue a protective order to prevent remote access to private or sensitive information and to require redaction of material in addition to that which would be redacted under subdivision (a) of the rule. These orders may be issued whenever necessary either by the court on its own motion, or on motion of a party in interest . . . .

Fed. R. Bankr. P. 9037 advisory committee's note.

Rule 9037 is derived from Rule 5.2 of the Federal Rules of Civil Procedure and is substantially similar to it. However, Rule 5.2's procedures applicable to Social Security appeals may be relevant here and are as follows:

> **(c) Limitations on Remote Access to Electronic Files; Social-Security Appeals and Immigration Cases.** Unless the court orders otherwise, in an action for benefits under the Social Security Act, and in an action or proceeding relating to an order of removal, to relief from removal, or to immigration benefits or detention, access to an electronic file is authorized as follows:
>
> > **(1)** the parties and their attorneys may have remote electronic access to any part of the case file, including the administrative record;
> >
> > **(2)** any other person may have electronic access to the full record at the courthouse, but may have remote electronic access only to:
> >
> > > **(A)** the docket maintained by the court; and
> > >
> > > **(B)** an opinion, order, judgment, or other disposition of the court, but not any other part of the case file or the administrative record.

Fed. R. Civ. P. 5.2(c). The Advisory Committee Notes to Rule 5.2 provides in relevant part as follows:

---

Files 3 (as amended, 2006), http://www.privacy.uscourts.gov/Policy.htm (*quoting Nixon v. Warner Communications, Inc.,* 435 U.S. 589, 596 (1978)) (the "Report").

> Subdivision (c) provides for limited public access in Social Security cases . . . . Those actions are entitled to special treatment due to the prevalence of sensitive information . . . .

Fed. R. Civ. P. 5.2 advisory committee's note.  The Policy notes that

> . . . Social Security disability claims . . . contain extremely detailed medical records and other personal information which an applicant must submit in an effort to establish disability.  Such medical and personal information is critical to the court and is of little or no legitimate use to anyone not a party to the case.

Report at 6.

### B.  Application of Law to the Motions and the Documents

#### 1.  Collateral Estoppel and Law of the Case

In his Ruling and Order dated July 24, 2007 the Honorable Mark R. Kravitz, United States District Judge, gave the following directions to this court:

> The Court wishes to emphasize that while it has not found any references that warrant the sealing of any documents filed to date with this Court, Mr. Traversa may still seek to seal any future filings with the Bankruptcy Court.  The Bankruptcy Court will then review each of Mr. Traversa's documents on an individual basis, as the Court has done here, to determine whether sealing the document is warranted.

*In re Traversa,* No. 3:07mc138 (MRK), slip op. at 2 (D. Conn. July 24, 2007).  The Plaintiff argues that the foregoing (in particular the requirement of individual document review) precludes the application of the doctrines of collateral estoppel and law of the case to bar the Motions, and this court agrees.

#### 2.  Sealing/Redaction/Limitation of Remote Access

The court has individually reviewed Doc. I.D. Nos. 187, 188, 190, 228, 246 and 247 and has concluded that nothing therein warrants protection under 11 U.S.C. § 107 or Rule 9037.[6]  The court

---

[6] Even if no objection to the Motions had been filed, the court believes that it has an independent duty to evaluate whether it should deviate from the Policy in favor of the general

also has individually reviewed Doc. I.D. Nos. 185, 186, 189 and 248 and, for the reasons that follow, concludes that some relief should be granted as to those Documents pursuant to the Motions.

The Plaintiff states that he fears that he will be subjected to unlawful employment discrimination if the specifics of his allegations in respect of certain of his alleged conditions become available to potential employers. The court notes that such fear is sufficiently reasonable for present purposes.[7] However, the court deems it unlikely that potential employers will come to the Clerk's Office to access the file in this proceeding. On the other hand, Doc. I.D. No. 186 contains a fair amount of sensitive information. Moreover, the universe of the Plaintiff's potential employers includes law firms and other remote nonparty "users" of the court's CM/ECF system and there is at least some risk that those entities could use remote access to access the Plaintiff's file as part of the employment screening process. Accordingly, the court concludes that "cause" exists within the purview of Rule 9037(d) to limit remote access to Doc. I.D. No. 186 in a manner generally similar to the manner by which such access is limited with respect to the record of Social Security appeals pursuant to Rule 5.2(c).[8] The court believes that such remedy is better suited to Doc. I.D. No. 186 than redaction and eliminates "undue risk of . . . unlawful injury to the . . . [Plaintiff]" within the purview of 11 U.S.C. § 107(c).[9]

---

availability of court records in any particular case or proceeding.

[7]    In no sense is the court ruling on the merits of the Complaint.

[8]    Although this proceeding is (unlike a Social Security appeal) not the continuation of an administrative proceeding, the specifics of the Plaintiff's alleged conditions are (like the specifics of a Social Security disability claim) information for which a non-party is unlikely to have a legitimate use.

[9]    Section 107(b) also is inapplicable here for the reasons stated in the Prior Ruling. Doc. I.D. No. 186 contains much more specific information than do Doc. I.D. Nos. 185, 189 and

### III. **CONCLUSION**

For the reasons (and to the extent) discussed above, the Motions are denied in part and granted in part and the Objections are overruled in part and sustained in part and the Clerk's Office is directed as follows:

    a.    with respect to each of the Documents (other than Doc. I.D. Nos. 185, 189 and 248), the image of the redacted version of each such Document shall be deleted from the court's CM/ECF system and the respective image of the unredacted version of each such Document shall be substituted therefor;

    b.    with respect to the unredacted version of Doc. I.D. No. 186, the following procedure also shall apply: (1) the parties and their attorneys may have remote electronic access to such Document; and (2) any other person may (upon request) have access to a "hard copy" of such Document at the Clerk's Office, but may not have remote access to such Document either at the Clerk's Office or otherwise;[10] and

---

248. However, perhaps out of an abundance of caution, the court will order redaction of the three latter Documents to the following extent: (1) with respect to Doc. I.D. No. 185, (a) the last full sentence on page 10 (beginning with "Further, the Plaintiff has") and (b) the second full paragraph on page 16 (beginning with "Here, Plaintiff's conditions"); (2) with respect to Doc. I.D. No. 189, the second full paragraph on page 17 (beginning with "As discussed and documented"); and (3) with respect to Doc. I.D. No. 248, the second full paragraph on page 16 (beginning with "As discussed and documented"). However, the Clerk's Office will retain unredacted versions of the referenced Documents which will be available to the public (on request) at the Clerk's Office. Under the circumstances here, the court deems such remedy to be appropriately less restrictive than limitation of remote access to the Documents in their entirety.

[10]    Because Rule 5.2(c) is not applicable in bankruptcy, the Clerk's Office does not have the technical capability to allow nonparties access to the record on the public computer terminal located there when remote access otherwise has been denied to nonparties. The court does not deem restriction on remote access while still providing for general availability of the Documents in paper form to be materially different from the remedy available under Rule 5.2(c).

    c.    with respect to Doc. I.D. Nos. 185, 189 and 248, (a) on or before May 12, 2008, the Debtor shall file with the Clerk's Office counterparts of such Documents redacted strictly in accordance with note 9 above (individually, a "Revised Redacted Document"); (b) if a Revised Redacted Document is timely filed, the Clerk's Office shall delete the image of the current redacted version of such Document and shall image the Revised Redacted Document in substitution therefor, which substitute image shall be generally available (including by remote access);[11] and (c) the Clerk's Office shall retain the unredacted versions of such Documents and any person seeking to access a "hard copy" of any such unredacted version may access it (on request) at the Clerk's Office.

It is **SO ORDERED.**

Dated: April 16, 2008                                          BY THE COURT

*Lorraine Murphy Weil*
**Lorraine Murphy Weil**
**United States Bankruptcy Judge**

---

[11] To the extent a Revised Redacted Document is not timely filed, the relevant unredacted version of such Document shall be imaged and made generally available without further notice or order of the court.